**STATE of Minnesota, Respondent,**

v.

**Anthony Lee FRANK, Appellant.**

**No. C1–01–1625.**

Court of Appeals of Minnesota.

Sept. 3, 2002.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, and Joseph A. Evans, Becker County Attorney, Detroit Lakes, for respondent.

John M. Stuart, Minnesota Public Defender, Marie Wolf, Assistant Public Defender, Minneapolis, and John Edward Connelly, Special Assistant Public Defender, Faegre & Benson, LLP, Minneapolis, for appellant.

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge,* STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

On appeal from a conviction of a second-degree controlled substance crime, appellant Anthony Lee Frank argues that (1) the district court erred as a matter of law by denying appellant's motion to suppress

---

* The Honorable Daniel F. Foley, one of the founding members of this court, who continued to serve by appointment order from the supreme court after his retirement, fully participated in the consideration of this appeal.

Due to Judge Foley's untimely death before the filing of the opinion, Chief Judge Toussaint has been assigned as a substitute, and now joins the panel in issuing this decision.

evidence that the police seized during a search of appellant's suitcase located in the trunk of the vehicle in which appellant was a passenger; (2) the police officer that stopped the vehicle, in which appellant was riding, illegally seized appellant; and (3) the taint of the illegal seizure was not removed by manifestly voluntary consent. Because the search of appellant's suitcase was an illegal search, we reverse.

## FACTS

Detroit Lakes Police Officer Mike Engum stopped a vehicle that was owned and driven by S.J. because it had only one working headlight. Appellant and another person were passengers in the vehicle. Officer Engum, noting that the driver was from the Twin Cities, asked the driver about the group's destination. The driver told Officer Engum that they were going to see a relative, C.O., but that they couldn't find her home with the address that she had given to them.

Officer Engum was familiar with C.O. He knew where she lived because he had received a complaint about drug use and sale at her residence and he had performed a welfare check at her home. Officer Engum wrote a "fix-it" ticket to the driver for the headlight, separated the individuals in the car, and questioned them further. The officer became suspicious when the answers of the three individuals varied.

Out of appellant's hearing, Officer Engum asked S.J. for permission to search the vehicle for "multiple things, bodies, weapons, guns, drugs." S.J. consented to a search of the vehicle. After searching all but the area of the backseat where the other passenger remained seated, Officer Engum opened the trunk of the vehicle and found two suitcases in the trunk. Officer Engum did not ask who owned the suitcases and did not ask permission from the passengers to search the suitcases.[1] He searched a suitcase and found what appeared to be controlled substances and a handgun. After the search, the officer learned that the suitcase in question belonged to appellant.

Officer Engum then completed the search of the backseat and found more controlled substances in that area. A total of ten grams of rock cocaine and twelve grams of powder cocaine were found in the vehicle. Approximately half of the controlled substances were found in appellant's suitcase. Appellant conceded that he knew that there were controlled substances in his suitcase.

Respondent State of Minnesota charged appellant with committing a controlled substance crime in the second degree in violation of Minn.Stat. §§ 152.022, subd. 2, 609.05, subds. 1, 2 (2000). Appellant moved to suppress "all controlled substance evidence obtained from the search of the vehicle." The district court denied the motion. The district court, on a stipulated record, found appellant guilty of committing a controlled substance crime in the second degree and sentenced appellant to the custody of the Commissioner of Corrections for forty-eight months and a fine of $50. The district court stayed appellant's sentence pending appeal. This appeal followed.

## ISSUES

I. Did the district court err as a matter of law by denying appellant's motion to suppress evidence seized from appellant's suitcase located in the trunk of the vehicle

---

1. Officer Engum testified that he believed Johnson's consent to search the vehicle gave him the right to search the bags in the trunk.

in which he was a passenger during a vehicle search based only on the consent of the driver/owner?

II. Did the police officer illegally seize appellant and, if so, was the driver's consent to the vehicle search "manifestly voluntary" thereby removing the taint of the illegal seizure?

## ANALYSIS

### I. Search of the vehicle

■ An appellate court independently reviews the facts of a case and determines, as a matter of law, whether a district court erred by denying a motion to suppress where the facts are not in dispute and the district court's decision is a question of law. *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992).

Appellant argues that Officer Engum violated appellant's federal and state constitutional right to be free from warrantless searches and seizures by searching his suitcase, located in the trunk of the car in which he was riding, without his voluntary consent.

■ The Fourth Amendment to the federal constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.[2] Warrantless searches are per se unreasonable unless the search comes within the purview of one of the exceptions to the warrant require-

ment. *Minnesota v. Dickerson,* 508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334 (1993); *State v. Hatton,* 389 N.W.2d 229, 232 (Minn.App.1986), *review denied* (Minn. Aug. 13, 1986).

■ Two exceptions to the warrant requirement are the consent exception and the automobile exception. *See State v. Pederson Maxwell,* 619 N.W.2d 777, 780 (Minn.App.2000) (stating that searches of motor vehicles when there is probable cause to believe the vehicle contains contraband do not violate the warrant requirement); *Hatton,* 389 N.W.2d at 232 (stating that searches conducted with consent and without a warrant do not violate the warrant requirement). If police conduct a warrantless search, "[t]he state bears the burden of showing that at least one exception [to the warrant requirement] applies, or evidence seized without a warrant will be suppressed." *State v. Metz,* 422 N.W.2d 754, 756 (Minn.App.1988). The officer in this case relied solely on the consent exception. It is undisputed that there was no probable cause to justify a search under the automobile exception.

The district court denied appellant's motion to suppress evidence seized during the warrantless search of his suitcase, concluding that the driver's consent to the vehicle search authorized the search of appellant's suitcase. The district court cited *Wyoming v. Houghton,* 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) for the proposition that the search of the vehicle was proper based on the driver's consent to the search of the vehicle. But *Wyoming* involved the automobile exception, not the consent exception. *Id.* at 300–02, 119 S.Ct. at 1300–01. The automobile exception permits an officer to search any container potentially containing contraband when

**2.** The Minnesota Constitution contains almost identical language to the Fourth Amendment to the federal constitution and does not differ in substance from the Fourth Amendment to the federal constitution. Minn. Const. art. I, § 10.

there is probable cause to search. *Id.* at 301, 119 S.Ct. at 1301.

The officer in this case relied only on consent, not probable cause. Respondent asserts that when a driver/owner of a vehicle consents to a search of his vehicle, we should use reasoning developed in automobile-exception cases to conclude that the "scope" of the consent extends to any container in the vehicle, no matter where located and no matter who actually owns or controls the container. We decline to do so. The automobile exception and the consent exception to the warrant requirement are separate and distinct doctrines. The district court's reliance on *Wyoming* to uphold a consent search is clearly erroneous.

Respondent, citing *Florida v. Jimeno*, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), argues that the consent search of S.J.'s vehicle did not violate the warrant requirement because the officer had an objectively reasonable belief that the driver's consent extended to the suitcases. In *Jimeno*, a police officer searched defendant's vehicle, which had two passengers, with the defendant's consent, after telling the defendant that the officer believed that defendant was transporting narcotics. 500 U.S. at 249–50, 111 S.Ct. at 1803. The officer searched a folded brown paper bag, located on the floor of the passenger side of the vehicle, and found cocaine inside the bag. *Id.* at 250, 111 S.Ct. at 1803. Defendant argued that his consent to search the vehicle did not extend to the paper bag. *Id.* The Court held that the search of the brown paper bag was proper because it was objectively reasonable for the officer to believe that the defendant's consent extended to all containers that could contain drugs stating that "if [the driver's] consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for re-

quiring a more explicit authorization." *Id.* at 251–52, 111 S.Ct. at 1804. But the Court also specifically indicated that although it may be reasonable to search a paper bag on the floor of a vehicle, it may not be reasonable to search a locked briefcase found in the trunk of a car. *Id.* at 251–52, 111 S.Ct. at 1804. Each case depends on what is an objectively reasonable belief for the officer to hold in a particular situation. *Id.* at 251, 111 S.Ct. at 1803–04.

■■■■ Appellant argues that the issue is not whether the suitcase was within the scope of the search but whether S.J. had authority to consent to the search of appellant's suitcase. We agree. If a third-party consents to the warrantless search of another individual's personal items, the government must demonstrate, in order to save the search, that the consenting party "possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *See United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). Common authority includes the

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* at 172 n. 7, 94 S.Ct. at 993 n. 7. Although *Matlock* involved the search of a home, its principles are equally applicable to the search of a vehicle. *See State v. Matejka*, 241 Wis.2d 52, 621 N.W.2d 891, 897 (2001) ("Although *Matlock* concerned third-party consent to search a home, we conclude its principles are fully applicable to the evaluation of third-party consent automobile searches.") (citations omitted).

*Matejka* discusses the conflict among jurisdictions regarding whether a driver's consent to the search of a vehicle "justifies the warrantless search of a passenger's belongings within [a] vehicle." 621 N.W.2d at 894. Some jurisdictions have determined that a driver may consent to the search of a passenger's personal items by consenting to a search of the vehicle in question. *See United States v. Navarro,* 169 F.3d 228, 230, 232 (5th Cir.1999) (holding that a driver properly consented to the search of a passenger's duffel bag located in the back seat of the car when he consented to a search of the vehicle); *United States v. Anderson,* 859 F.2d 1171, 1173–74, 1176–77 (3rd Cir.1988) (holding that a driver properly consented to the search of a passenger's bags located in the trunk when the driver consented to the search of the vehicle); *Matejka,* 621 N.W.2d at 893, 899 n. 7 (concluding that the search of a passenger's jacket located in the interior of a vehicle was constitutional because the driver consented to the search of the vehicle).

Other jurisdictions have determined that a driver does not have authority to consent to the search of a passenger's personal items by consenting to a search of the vehicle in question. *See Brown v. State,* 789 So.2d 1021, 1021, 1023 (Fla.Dist.Ct. App.2001) (holding that a "driver's consent to search the car was not a valid third-party consent to search items such as purses and fanny packs possessed by a passenger" especially when it is clear that the owner of the item is "present and available to consent.");[3] *State v. Friedel,*

714 N.E.2d 1231, 1234–35, 1243 (Ind.Ct. App.1999) (holding that the male driver who consented to a search of his vehicle did not have actual or apparent authority to consent to the search of a passenger's purse located in the vehicle); *State v. Zachodni,* 466 N.W.2d 624, 628 (S.D.1991) (holding that a driver's consent to search a vehicle did not extend to a search of his wife's purse).

In *Friedel,* the Indiana Court of Appeals reasoned that the driver did not have actual authority to consent to a search of his passenger's purse because there was no evidence that the driver jointly owned, used, possessed or controlled the purse. *Friedel,* 714 N.E.2d at 1240. The court further concluded that the driver lacked apparent authority to consent to the search. *Id.* at 1243. Apparent authority exists if the government demonstrates "that the officers who conducted [the search] reasonably believed that the person from whom they obtained consent had the actual authority to grant consent." *Id.* at 240 (quotation omitted); *Krise v. State,* 746 N.E.2d 957, 969 (Ind.2001) (holding "that the inspection of closed containers that normally hold highly personal items requires the consent of the owner or a third party who has authority—actual or apparent—to give consent to the search of the container itself.").

We conclude that the cases holding that a driver's consent to search a motor vehicle does not extend to property owned by passengers who are present and available to consent to the search of their property are more consistent with constitutional

---

**3.** *Brown* called into question the Florida District Court of Appeal's earlier holding in *State v. Walton,* 565 So.2d 381 (Fla.Dist.Ct.App. 1990), a case very similar to the case at bar. In *Walton,* the Florida District Court of Appeals determined that a driver could consent to the search of a passenger's suitcase, located in the trunk of the vehicle, by consenting

to a search of the trunk. *Id.* at 382–84. The court reasoned that there was nothing to indicate to the officer performing the search of the vehicle that the suitcase did not belong to the driver, giving him apparent authority to consent, and that the owner of the suitcase failed to object to the search and claim ownership over the suitcase. *Id.* at 383–84.

limits on warrantless searches than the cases that conclude otherwise. *See Brown,* 789 So.2d at 1021, 1023.

■■■ In the instant case, it is undisputed that S.J. lacked actual authority to consent to a search of appellant's suitcase. And the officer did not advance any facts to support a reasonable belief that S.J. had actual authority to consent to a search of appellant's suitcase, so there is no factual basis for a finding of apparent authority of the driver to consent to the search of appellant's suitcase. The officer mistakenly believed that S.J.'s consent to search the vehicle constituted legal authority for him to search any container in the vehicle that could have held the contraband he sought. An officer's reasonable mistake of fact is sufficient to support a finding of apparent authority but even a reasonable mistake of law will not support a finding of apparent authority. *See United States v. Whitfield,* 939 F.2d 1071, 1073–74 (D.C.Cir.1991) (recognizing that "the Fourth Amendment does not invalidate warrantless searches based on a reasonable mistake of fact, as distinguished from a mistake of law"). Officer Engum failed to act reasonably by searching the suitcase without ascertaining who owned it where the circumstances do not give rise to a reasonable belief that the driver had authority to consent to the search of the suitcase. We hold that, when a vehicle search is based only on consent, an officer has an obligation to ascertain the ownership of items not owned by or within the control of the consenter when the circumstances do not clearly indicate that the consenter is the owner or controls the item to be searched. Because the officer lacked consent for the search of appellant's suitcase, the district

court clearly erred by denying appellant's motion to suppress the evidence seized from his suitcase.

## II. Seizure of appellant

Appellant contends that even if the panel determines that the driver in the present case had authority, either actual or apparent, to consent to the search of appellant's suitcase, the consent is tainted because it was given during an illegal seizure. Appellant further contends that the taint of the illegal seizure cannot be removed because the driver's consent was not sufficiently voluntary. Because we hold that Officer Engum illegally searched the contents of appellant's suitcase, we decline to address the issues of illegal seizure and voluntary consent.

### DECISION

The district court clearly erred by denying appellant's motion to suppress the evidence seized from appellant's suitcase because the driver of the vehicle was without authority to consent to a search of his passenger's suitcase. We hold that, when a vehicle search is based only on consent, an officer has an obligation to ascertain the ownership of items not within the direct control of the consenter when the circumstances do not clearly indicate that the consenter is the owner or controls the item to be searched.

**Reversed.**