2014 ND 124

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jennifer Lynn DANIELS, Defendant and Appellant.**

**No. 20130339.**

Supreme Court of North Dakota.

June 24, 2014.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶1]   Jennifer Lynn Daniels appeals a district court judgment and order deferring imposition of sentence entered following Daniels' conditional plea of guilty to Possession of Alprazolam and Possession of Carisoprodol, both class C felonies.  We hold the deputy's warrantless search of Daniels' purse was not justified under the consent exception to the search warrant requirement of the Fourth Amendment of the United States Constitution.  We reverse the district court's judgment and order deferring imposition of sentence and denial of Daniels' motion to suppress, and we remand with instructions to allow Daniels to withdraw her conditional guilty pleas.

I

[¶2]   In January 2013, a Burleigh County Sheriff Deputy stopped a vehicle for expired registration.  Daniels was sitting in the front passenger's seat.  The deputy asked the driver, Daniels, and another passenger for identification, and Daniels retrieved her North Dakota driver's license from her purse.  The deputy saw Daniels grab her purse and remove her identification from the purse.

[¶3]   The deputy obtained consent from the driver to search the vehicle, and the deputy asked the occupants to step out to the front of the vehicle.  The deputy did not give the occupants any other instructions and did not tell anyone to leave anything or take anything with them.  Daniels exited the vehicle, but left her purse inside.  Daniels was aware that the deputy was going to search the vehicle.  The deputy did not get permission from Daniels or the other passenger to search their belongings.  Daniels did not give the driver permission to use or consent to a search of her purse.

[¶ 4] While searching the vehicle, the deputy searched a purse located on the floorboard of the front passenger's seat, which belonged to Daniels. In the purse, he found an Advil container that had an assortment of pills in it. Lab tests confirmed that the pills were Alprazolam and Carisoprodol. Daniels was arrested for Possession of Alprazolam and Possession of Carisoprodol, both class C felonies.

[¶ 5] Daniels moved to suppress the evidence obtained in the search, arguing that the driver's consent to the search of the vehicle did not extend to a search of Daniels' purse, and the search was therefore warrantless and unconstitutional. The district court denied Daniels' motion, and Daniels conditionally pled guilty, reserving the suppression issue for appeal.

II

[¶ 6] Daniels argues the warrantless search of her purse was unconstitutional because the deputy did not have her consent to search the purse and the driver's consent to search the vehicle did not extend to a search of her purse. "The Fourth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures." *State v. Guscette*, 2004 ND 71, ¶ 7, 678 N.W.2d 126 (citation omitted). This Court has previously concluded that an individual's purse is an area subject to Fourth Amendment protection from unreasonable searches and seizures. *See State v. Tognotti*, 2003 ND 99, ¶ 20, 663 N.W.2d 642 ("A purse, like a billfold, is such a personal item that it logically carries for its owner a heightened expectation of privacy, much like the clothing the person is wearing."). For a search to be reasonable under the Fourth Amendment, a warrant is required, unless an exception to the warrant requirement applies. *State*

*v. Genre*, 2006 ND 77, ¶ 17, 712 N.W.2d 624. It is the State's burden to show that an exception to the search warrant requirement applies. *State v. Mitzel*, 2004 ND 157, ¶ 12, 685 N.W.2d 120.

[¶ 7] One exception to the warrant requirement is consent. *State v. Uran*, 2008 ND 223, ¶ 6, 758 N.W.2d 727 (citation omitted). The same standard is used to analyze cases under the consent exception, regardless of whether the search was of a vehicle or of a house. *See id.* at ¶ 7 (applying the United States Supreme Court's reasoning in a vehicle search case, *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), to a search of a house). "The scope of consent is measured objectively by what a reasonable person would have understood by the exchange between the police and the suspect." *Id.* (citations omitted). In this case, consent was the only justification for the warrantless search of Daniels' purse offered by the State and relied on by the district court.

[¶ 8] When reviewing a district court's decision on a motion to suppress, this Court defers to the district court's findings of fact, recognizing the district court is in the best position to assess the credibility of witnesses and weigh the evidence. *Genre*, 2006 ND 77, ¶ 12, 712 N.W.2d 624. Although generally issues concerning the existence of consent and whether a search exceeds the scope of consent are considered questions of fact, *see State v. Graf*, 2006 ND 196, ¶ 10, 721 N.W.2d 381 and *State v. DeCoteau*, 1999 ND 77, ¶ 9, 592 N.W.2d 579, in this case, Daniels alleges the district court misapplied the law concerning consent. "Questions of law are reviewed under the de novo standard of review." *Genre*, 2006 ND 77, ¶ 12, 712 N.W.2d 624 (citation omitted).

### ·III

[¶ 9]   The State argues that the driver's consent to the search of the vehicle extended to the containers inside the vehicle, including Daniels' purse.   In support of its argument, the State relies on *State v. Tognotti*, 2003 ND 99, 663 N.W.2d 642.   In *Tognotti*, an officer stopped a vehicle driven by the female defendant for driving at night with the headlights off.  *Id.* at ¶ 3.  A male passenger of the vehicle was arrested on an outstanding warrant, and the officer searched the vehicle incident to the passenger's arrest.  *Id.*   During the search, the officer searched the defendant's purse, which she had left in the vehicle, and discovered drug paraphernalia.  *Id.*  The defendant moved to suppress evidence from the search, that motion was granted, and the State appealed.  *Id.* at ¶¶ 4–5.

[¶ 10]   On appeal, this Court held "an arresting officer's search of a purse belonging to a nonarrested occupant which is voluntarily left in the vehicle is a valid search *incident to the arrest of a passenger* in the vehicle."  *Id.* at ¶ 14 (emphasis added).  This Court's ruling was based on the conclusion that "imposing a restriction on searches of a vehicle incident to arrest based upon ownership of containers or other articles inside the vehicle unnecessarily dims the bright-line rule as announced by *Belton.*"  *Id.* at ¶ 11.  *Belton*'s bright-line rule allowed police to search the passenger compartment of a vehicle incident to the arrest of the occupants, in order to "remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape and … prevent the concealment or destruction of evidence."  *Tognotti*, 2003 ND 99, ¶ 8, 663 N.W.2d 642 (citing *New York v. Belton*, 453 U.S. 454, 457–61, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)) (internal quotation marks omitted).

[¶ 11]   The viability of our holding in *Tognotti* is questionable, in light of *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).   However, we need not address the merits of our holding in *Tognotti*, because that case is distinguishable from this case in a crucial way: *Tognotti* applied to searches incident to arrest, and this case deals with a search based on consent.   Exceptions to the search warrant requirement are "jealously and carefully drawn."   68 Am. Jur. 2d *Searches and Seizures* § 114; *see also State v. Gilberts*, 497 N.W.2d 93, 97 (N.D. 1993), *overruled on other grounds by State v. Tognotti*, 2003 ND 99, 663 N.W.2d 642 ("Warrantless searches, to be valid, must fall within a narrow and specifically delineated exception to the warrant requirement of the Fourth Amendment.").   "The scope of a search must be strictly tied to and justified by the circumstances that permit its initiation."   *Gilberts*, at 97 (citing *Terry v. Ohio*, 392 U.S. 1, 18, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).   The justifications and standards behind each exception are not interchangeable, and cannot be combined, as the State seeks to do here.

[¶ 12]   This case deals only with the consent exception to the search warrant requirement.   The concerns that justified a search under the bright-line rule in *Belton* and *Tognotti*—officer safety and preservation of evidence—are not at issue in a consent case.   Therefore, even assuming it is still valid law, *Tognotti* does not control this case.

### IV

[¶ 13]   Daniels argues a driver's consent to a search of a vehicle does not justify a search of a purse which the officer knows belongs to a third party.   Consent may be given by an individual with actual authority or apparent authority.  *State v. Zimmerman*, 529 N.W.2d 171,

175 (N.D.1995). Apparent authority exists where a person of reasonable caution would believe, based on the facts available to the officer at the time of consent, that the consenting party had authority over the place or thing to be searched. *State v. Fischer,* 2008 ND 32, ¶ 12, 744 N.W.2d 760. Authority to consent to a search may be exclusive to one individual, or two or more people may have common authority. *State v. Swenningson,* 297 N.W.2d 405, 407 (N.D.1980).

[¶ 14] Although we have not previously addressed this issue, courts in other jurisdictions have concluded that a driver's consent to a warrantless vehicle search was not a valid consent to search a passenger's personal property found in the vehicle. In *People v. James,* 163 Ill.2d 302, 206 Ill.Dec. 190, 645 N.E.2d 195, 197 (1994), the defendant was a passenger in an automobile that was stopped by police. The driver and passengers, all women, were ordered out of the car, at which time the defendant left her purse on the front passenger's seat. *Id.* Unbeknownst to the defendant, the driver consented to a search of the vehicle, during which officers searched the defendant's purse and found cocaine. *Id.* The officer did not attempt to ascertain who owned the purse before he searched it. *Id.,* 206 Ill.Dec. 190, 645 N.E.2d at 203. The defendant filed a motion to suppress based on a lack of consent to search, which was granted by the district court, but reversed by the court of appeals. *Id.,* 206 Ill.Dec. 190, 645 N.E.2d at 197.

[¶ 15] On appeal, the Illinois Supreme Court concluded that the officer should have ascertained who owned the purse before he searched it. *Id.,* 206 Ill.Dec. 190, 645 N.E.2d at 203. The court reasoned that a purse is normally carried by a woman, and all three of the adult vehicle occupants were women, so the purse could have belonged to any of them. *Id.* The

court also noted, "It would have been unreasonable for the officer to believe [the driver] shared some common use in the purse with one of the passengers in the vehicle, since a purse is generally not an object for which two or more persons share common use and authority." *Id.* The court concluded the officer's conduct in searching the purse without first obtaining the defendant's consent was not objectively reasonable. *Id.; see also State v. Friedel,* 714 N.E.2d 1231, 1238–43 (Ind.Ct. App.1999) (holding a driver's consent to the search of an automobile did not include consent to search the passenger's purse, which was left in the vehicle); *State v. Frank,* 650 N.W.2d 213, 216–19 (Minn.Ct. App.2002) (holding a driver's consent to the search of a vehicle did not extend to a suitcase owned by a third party); *State v. Caniglia,* 1 Neb.App. 730, 510 N.W.2d 372, 373–74 (1993) (holding a driver's consent to the search of a vehicle did not extend to a passenger's makeup purse found in the vehicle); *State v. Suazo,* 133 N.J. 315, 627 A.2d 1074, 1077–78 (1993) (holding that a driver's consent to the search of a vehicle does not include the authority to permit a search of the luggage of other passengers); *State v. Zachodni,* 466 N.W.2d 624, 628 (S.D.1991) (holding a driver's consent to a search of a vehicle did not extend to a search of the passenger's purse), *abrogated on other grounds by State v. Akuba,* 686 N.W.2d 406 (S.D.2004).

[¶ 16] Similarly, in *United States v. Munoz,* 590 F.3d 916, 919 (8th Cir.2010), the defendant was driving a car rented by the passenger, when the defendant was stopped for speeding. The trooper asked the defendant for permission to search the vehicle, but the defendant replied that the trooper would have to ask the passenger. *Id.* The trooper then asked the passenger, and she consented to the search. *Id.* at 920. The trooper began searching the front passenger area and found a backpack

on the floorboard. *Id.* The trooper did not know who the backpack belonged to, but he searched it anyway, and found a handgun, a digital scale, and a small quantity of methamphetamine. *Id.* The trooper then asked the passenger who the backpack belonged to, and she said it belonged to the defendant. *Id.* The defendant later moved to suppress the evidence found in the trooper's search of his backpack, arguing the passenger's consent did not include a search of his backpack, and that motion was denied. *Id.* at 920, 922.

[¶ 17] On appeal, the Eighth Circuit Court of Appeals noted that the defendant was the owner of the backpack, and there was no evidence the passenger had joint use of it, so she did not have common authority to consent to a search. *Id.* at 922. The court also noted the trooper could not have reasonably believed the passenger had authority to consent to the search of the backpack, because there were two possible owners and the trooper had not ascertained ownership of the backpack before searching it. *Id.* at 923. The court held the passenger's consent to search the car did not include the defendant's backpack. *Id.* at 922–23; *see also United States v. Welch,* 4 F.3d 761, 764–65 (9th Cir.1993) (holding one individual's valid consent to a search of a shared car did not extend to a search of the other individual's purse found within the car), *overruled on other grounds by United States v. Kim,* 105 F.3d 1579, 1580–81 (9th Cir.1997).

[¶ 18] In this case, the purse belonged to Daniels. According to testimony given at the evidentiary hearing, the driver never had permission to use Daniels' purse, and Daniels never gave the driver authority to consent to a search of her purse. Thus, the driver had no actual authority, either exclusive or common authority, over the purse. Further, the deputy testified that he saw Daniels retrieve her identifica-

tion "[f]rom her purse." The deputy knew that Daniels had been sitting in the front passenger's seat. When conducting his search, the deputy found Daniels' purse on the floorboard in front of the passenger's seat, where Daniels had been sitting. It was not just a possibility that the purse belonged to someone other than the driver; the deputy knew the purse belonged to Daniels.

[¶ 19] Based on these facts, we conclude no reasonable person would have understood the driver's consent to the search of the vehicle to extend to a purse left in the vehicle, which the officer knew belonged to a third party. It would have been objectively reasonable for the deputy to obtain Daniels' consent to search the purse. Although this requirement may pose an additional burden to law enforcement searching vehicles under the consent exception to the search warrant requirement, it is a justified burden. A warrantless search based solely on consent pits fundamental constitutional protections against an utter lack of legal justification for the search. It is expedient to narrow the scope of such searches and to require additional consent to search constitutionally protected areas that a reasonable person would understand did not fall within the scope of the original consent.

V

[¶ 20] Daniels also argues that her failure to object to the search of her purse and her conduct of leaving her purse in the vehicle did not amount to the consent necessary to establish an exception to the search warrant requirement. This Court's position on the conduct required to establish the consent exception is clear: "[T]o sustain a finding of consent, the State must show affirmative conduct by the person alleged to have consented that is consistent with the giving of consent,

rather than merely showing that the person took no affirmative actions to stop the police from [searching]." *State v. Avila,* 1997 ND 142, ¶ 17, 566 N.W.2d 410 (citing *United States v. Jaras,* 86 F.3d 383, 390 (5th Cir.1996) (consent cannot be inferred from silence and failure to object when police do not expressly or implicitly request consent); *United States v. Shaibu,* 920 F.2d 1423, 1427 (9th Cir.1990) (absent specific request by police for permission to enter a home, government may not show consent to enter from defendant's failure to object to entry because "[t]o do so would be to justify entry by consent and consent by entry"); *United States v. Wenzel,* 485 F.Supp. 481, 483 (D.Minn.1980) (failure to order uninvited officer to leave apartment is "hardly enough to establish consent"); *Robinson v. State,* 578 P.2d 141, 144 (Alaska 1978) (where defendant at no time indicated consent to officers' presence except by silence, failure to demand that officers leave was not voluntary consent); *Ingram v. State,* 364 So.2d 821, 822 (Fla.Ct.App.1978) (submission to apparent authority of officer is not necessarily consent to search, and a showing of acquiescence without at least tacit consent is not sufficient to prove consent); 1 W. Ringel, *Searches & Seizures, Arrests and Confessions* § 9.3 (2d ed.1997); 2 J. Cook, *Constitutional Rights of the Accused* § 4:55 (3d ed.1996)); *see also Graf,* 2006 ND 196, ¶ 10, 721 N.W.2d 381; *DeCoteau,* 1999 ND 77, ¶ 11, 592 N.W.2d 579.

[¶ 21] The State argues that, because the driver consented to a search of the vehicle, Daniels heard this consent, Daniels left her purse in the car despite being free to take it with her, and Daniels did not object to the search, Daniels implicitly consented to the search, under the totality of the circumstances. The State relies on *Tognotti,* 2003 ND 99, ¶¶ 15–22, 663 N.W.2d 642, in which this Court analyzed a search of a driver's purse left in the passenger compartment of a vehicle during a vehicle search incident to arrest of a passenger. In that case, under existing caselaw, a valid exception to the search warrant requirement already applied to everything in the passenger compartment of the vehicle. *Id.* at ¶ 15. This Court concluded that, "If the officer did not instruct Tognotti to leave the purse in the vehicle, he was entitled to search it incident to the arrest of [the] passenger...." *Id.* at ¶ 21. However, this Court was not suggesting that, by merely leaving the purse behind when she was free to take it, Tognotti's actions constituted consent under the consent exception to the search warrant requirement. Our holding simply noted that, by leaving the purse behind voluntarily, the purse remained in the area that was already covered by the search incident to arrest exception to the warrant requirement.

[¶ 22] Similarly, the State points to *United States v. Padilla,* an unpublished Eighth Circuit Court of Appeals case in which a vehicle itself was the subject of a search, pursuant to the consent of the driver, who had common authority over the vehicle. 242 F.3d 378, 2000 WL 1533260, *1 (8th Cir.2000); *see also United States v. Eldridge,* 984 F.2d 943, 948 (8th Cir.1993) (explaining that the consent exception applies where the driver of the car consents, because the driver is the person who has immediate possession and control over the vehicle, and therefore has common authority). In *Padilla,* a valid exception to the search warrant requirement already applied to the vehicle. *Id.* at *1. The owner of the vehicle later claimed the search was invalid without his consent, and the court reasoned that "[f]ailure to object to a search when there is ample opportunity to assert a superior interest in priority of ownership results in a valid search." *Id.* at *1 (citing *Eldridge,* 984 F.2d at 948).

However, the court was not suggesting that the owner's failure to object amounted to consent. Rather, as in *Tognotti*, the court was stating that, in the absence of an objection by the owner, the underlying search of the vehicle itself based on the driver's consent remained valid.

[¶ 23] The State's reliance on these cases is misplaced. "Totality of the circumstances" is not the test we use to analyze the scope of consent. Even if it were, these cases do not hold that a failure to object amounts to consent. They simply note that, by failing to object, the items remained within the scope of an already established exception to the search warrant requirement. As we have noted, no valid underlying exception to the search warrant requirement applied in this case. The driver's consent to a search of the vehicle did not extend to a search of Daniels' purse.

[¶ 24] In this case, the deputy knew the purse in question belonged to Daniels. She alone had authority to consent to a search of the purse. Although Daniels was nearby at all times, the deputy never asked for Daniels' consent to search the purse, and Daniels never told the deputy he could search it. The deputy did not tell Daniels to leave her purse in the vehicle and did not tell her she could take it with her. Daniels did leave her purse in the vehicle, despite knowing that the vehicle was going to be searched. Daniels testified that she thought she had to leave her purse in the vehicle, and she did not know she could take it with her. Daniels clearly took no affirmative action to stop the deputy from searching her purse. However, under the circumstances, she had no duty to do so. In situations where a constitutional protection applies and consent alone serves as the basis for conducting a search, the onus is on the officer to ensure that he has received valid consent; it is not

on the individual to make sure her rights are upheld. We conclude no reasonable person would have understood Daniels' conduct to amount to consent. If the deputy wanted to rely on Daniels' consent to support an otherwise baseless search of her purse, it was his duty to establish that consent had been affirmatively granted. Because he did not do so, we hold the deputy's reliance on consent as a basis for searching Daniels' purse was objectively unreasonable.

## VI

[¶ 25] The facts in this case do not establish that Daniels consented to a search of her purse. Similarly, the driver's consent to a search of the vehicle did not extend to the search of Daniels' purse. We therefore hold the deputy's warrantless search of Daniels' purse was not justified under the consent exception to the search warrant requirement of the Fourth Amendment of the United States Constitution. Consent was the only exception argued by the State. The search therefore violated the Fourth Amendment. "The exclusionary rule requires suppression of evidence obtained in a search that violates the Fourth Amendment." *State v. Handtmann*, 437 N.W.2d 830, 836–37 (N.D.1989) (citation omitted). Because we conclude the warrantless search of Daniels' purse violated her Fourth Amendment rights, we hold the evidence obtained from the search of her purse should have been suppressed.

## VII

[¶ 26] Daniels also argues that, even if the search was proper under the Fourth Amendment, the North Dakota State Constitution affords greater protection, and the search was therefore unconstitutional under that protection. It is not necessary for us to address this issue, as we hold the search was unconstitutional under the

Fourth Amendment of the United States Constitution.

## VIII

[¶ 27]   We reverse the district court's judgment and order deferring imposition of sentence and denial of Daniels' motion to suppress, and we remand with instructions to allow Daniels to withdraw her conditional guilty pleas.

[¶ 28]   LISA FAIR McEVERS, and DANIEL J. CROTHERS, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result.

SANDSTROM, Justice, dissenting.

[¶ 29]   I respectfully dissent.

[¶ 30]   I disagree with the majority's conclusion that the evidence obtained from the search of Daniels' purse should have been suppressed.   Although the cited cases as presented in the majority opinion appear to support the majority's conclusion, a closer examination of those cases and other Fourth Amendment jurisprudence reveals a different result is necessary.

[¶ 31]   The majority correctly concludes the scope of a warrantless search incident to arrest can be different from the scope of a search conducted after law enforcement obtains consent.   See People v. Williams, 114 Cal.App.3d 67, 72, 170 Cal.Rptr. 433 (1980) ("A voluntary consent to search creates a separate and independent exception to the warrant requirement and justifies a warrantless search of all areas covered by the consent over which defendant had authority."); State v. Frank, 650 N.W.2d 213, 217 (Minn.Ct.App.2002) ("The automobile exception and the consent exception to the warrant requirement are separate and distinct doctrines.").   On the basis of the foregoing caselaw, I agree Tognotti is not necessarily controlling in this case, be-

cause that case relies on the search incident to arrest exception to the Fourth Amendment's warrant requirement.   See State v. Tognotti, 2003 ND 99, 663 N.W.2d 642.   Nevertheless, a thorough review of Fourth Amendment caselaw clearly demonstrates that under the specific facts of this case, the search of Daniels' purse was proper because she gave law enforcement her implied consent to perform the search.

[¶ 32]   The facts in this case are undisputed.   The deputy obtained consent from the driver to search the vehicle.   Nevertheless, the deputy did not get permission from Daniels to search her belongings. The record, however, also shows Daniels was present when the driver consented to the search and was aware the deputy was going to search the vehicle.

[¶ 33]   The majority claims, at ¶ 14, that courts in other jurisdictions have concluded that a driver's consent to a warrantless search was not a valid consent to search a passenger's personal property found in the vehicle.   Each of the cases cited by the majority differs materially from the facts of this case in which Daniels, the passenger, was present, knew the driver had given consent to the search of the vehicle, and did not object to the search of her purse which was in the vehicle.   For example, the majority, at ¶¶ 14–15, relies heavily on People v. James, 163 Ill.2d 302, 206 Ill.Dec. 190, 645 N.E.2d 195 (1994), to support its conclusion the search in this case was improper.   The facts of James, however, differ significantly from this case because the passenger in James did not know the driver had given consent to search the vehicle.   See James, 206 Ill. Dec. 190, 645 N.E.2d at 203.   The other cases cited by the majority are likewise materially different.   See, e.g., State v. Friedel, 714 N.E.2d 1231, 1239 (Ind.Ct. App.1999) ("The record is unclear as to whether [the passenger] heard [the driver]

give the officers consent to search his vehicle and the trial court made no factual finding regarding this matter."); *State v. Frank,* 650 N.W.2d 213, 215 (Minn.Ct.App. 2002) ("Out of appellant's hearing, Officer Engum asked S.J. for permission to search the vehicle...."); *State v. Caniglia,* 1 Neb.App. 730, 510 N.W.2d 372, 374 (1993) ("While Officer Farrow sought the driver's consent and proceeded to search the van, Officer Muller questioned Caniglia."). Other courts have similarly concluded that when an individual is present but not within hearing and is not aware that someone else has given consent to a search, that individual's consent may not be implied by the individual's silence or failure to object. *See United States v. Jaras,* 86 F.3d 383, 390–91 (5th Cir.1996) ("Jaras was not present when Salazar gave his consent to search the vehicle, and there is no evidence in the record that Jaras even heard Officer Mitchell ask Salazar for permission to search the car. We do not think that consent may reasonably be implied from Jaras's silence or failure to object because Officer Mitchell did not expressly or impliedly ask for his consent to search.").

[¶ 34] On the other hand, the Delaware Supreme Court has established that when an individual with superior possessory rights is present, the non-assertion of those ownership rights may be viewed as impliedly consensual. *Ledda v. State,* 564 A.2d 1125, 1128–29 (Del.1989). The Delaware Court went further in a subsequent case:

> [W]hen a person with equal or greater authority to consent to a search is present, if a search is authorized by a third party, there is a duty to object. *Ledda v. State,* 564 A.2d at 1128–29. In this case, even though Scott was present, he failed to countermand Jenkins' consent at any time during the search. Jenkins had the authority to consent to the search of the apartment, in the absence of any objection by Scott. *Ledda v. State,* 564 A.2d at 1128–29. Assuming arguendo that Scott's authority to consent to a search was equal to Jenkins' authority, we hold that Scott's failure to object constituted his implied consent to the search authorized by Jenkins. *Id.*

*Scott v. State,* 672 A.2d 550, 553 (Del.1996).

[¶ 35] Unlike in the cases cited by the majority in which law enforcement asked for consent outside of the passenger's hearing or without the passenger's knowledge, Daniels, in this case, was present and knew of the driver's consent but failed to object to a search of her purse. Daniels had greater authority as to her purse in the vehicle. She heard the driver consent to a search of the vehicle, and she did not object. Under the clear holdings in Delaware validating searches analogous to the one in this case, and because the majority has failed to cite any case to the contrary, I would affirm the district court's decision to deny Daniels' motion to suppress.

[¶ 36] DALE V. SANDSTROM, J.