FOX, Justice,
dissenting, in which BURKE, Chief Justice, joins.
[¶ 84] I respectfully dissent, The majority concludes Mr. Lemley was not prejudiced by trial counsel's failure to file a motion to suppress evidence found during the search of Mr., Lemley's backpack because the search was lawful under the doctrine of apparent *768 authority. According to the majority, the investigating officer reasonably determined that Mr. Keele had apparent authority to consent to a search of Mr. Lemley's backpack. I disagree. The majority reaches its conclusion despite the fact that the record shows the officer (1) did not know who the backpack belonged to before searching the pack, and (2) did not investigate the contents of the wallet found in the backpack before continuing to search additional compartments.
[« 35] We must determine the outcome of a motion to suppress through the correct lens. Both the Fourth Amendment to the United States Constitution and Article 1, § 4 of the Wyoming Constitution prohibit warrantless searches, "We have stated that under both constitutions, warrantless searches and seizures are per se unreasonable unless they are justified by probable cause and established exceptions." Holman v. State, 2008 WY 54, ¶ 10, 183 P.3d 368, 871 (Wyo.2008) (quoting Pena v. State, 2004 WY 115, ¶ 29, 98 P.3d 857, 870 (Wyo.2004)). One established exception is search pursuant to valid consent. Johnson v. State, 2010 WY 47, ¶ 7, 228 P.3d 1306, 1310 (Wyo. 2010). As the majority states, an officer may proceed to search if the officer reasonably believes that the person consenting has authority to grant the consent. Because consent acts as a waiver of a constitutional right, it is an exception to the search warrant requirement that must be "jealously and carefully drawn." State v. Daniels, 848 N.W.2d 670, 678 (N.D.2014) (quoting 68 Am. Jur. 2d Searches and Seizures § 114 (updated 2016)).
[¶36] With these rules of law in mind, we turn to the particular facts of this case. The officers knew that there were two people in the vehicle, they had no probable cause to search it, and there were no exigent circumstances. Mr. Keele consented to the search of the vehicle; Mr. Lemley did not. When Deputy Coulter first unzipped Mr. Lemley's pack, he found a wallet which later turned out to contain papers identifying it as Mr. Lemley's. After the search, Deputy Coulter asked Mr. Keele and then Mr. Lemley who owned the backpack. "[Wlhere an officer is presented with ambiguous facts related to authority, he or she has a duty to investigate further before relying on the consent." United States v. Cos, 498 F.3d 1115, 1128 (10th Cir.2007) (quoting United States v. Kimoana, 383 F.3d 1215, 1222 (10th Cir.2004)). Here, Deputy Coulter was clearly presented with ambiguous facts, or he would not have felt it necessary to ask the driver and Mr. Lemley who owned the backpack. These facts are similar to those in United States v. Munoz, 590 F.3d 916 (8th Cir.2010), where the court held:
Trooper Jackson also did not reasonably believe that Smith had authority to consent to the search of the backpack, as there were two people in the car who each had been sitting in the passenger seat during the trip. In fact, Trooper Jackson testified that, at the time of opening the backpack, he did not know whose it was. Because Munoz did not consent to the search of his backpack, his Fourth Amendment rights were violated by the search.
Id. at 928; see also People v. James, 163 Ill.2d 302, 206 Ill.Dec. 190, 645 N.E.2d 195, 202-204 (1994).
[% 37] The majority relies on United States v. Langston, 970 F.2d 692 (10th Cir.1992), to conclude that the officers reasonably relied on the driver's apparent authority to consent to search Mr. Lemley's backpack when he remained silent while the driver consented to search. However, in Langston the inerimina-ting evidence was found in a bag in the car's trunk. That bag contained no easily-accessible identifying document, and the driver was asked for, and gave, specific consent to search the bag. Id. at 697. Here, Deputy Coulter had in his hand a wallet which, predictably, contained documents identifying the backpack's owner. Given there were two people in the vehicle, and given that Deputy Coulter was not certain who owned the backpack, it would have been a very simple matter, taking only seconds, to ascertain the owner of the pack and determine whether consent to search it had been given by a person with authority to do so. "In situations where a constitutional protection applies and consent alone serves as the basis for conducting a search, the onus is on the officer to ensure that he has received valid consent; it *769 is not on the individual to make sure her rights are upheld." Daniels, 848 N.W.2d at 677. Furthermore, we have said that "[alequi-escence and nonresistance have not been deemed sufficient under Wyoming law to establish consent." Seymour v. State, 2008 WY 61, ¶ 19, 185 P.3d 671, 677 (Wyo.2008) (quoting O'Boyle v. State, 2005 WY 83, ¶ 38, 117 P.3d 401, 412 (Wyo.2005)).
[T88] For these reasons, I would find counsel was deficient when he failed to file a motion to suppress, and Mr. Lemley was prejudiced by that failure. I would reverse.