# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 5

State of North Dakota,                                    Plaintiff and Appellant

     v.

Matthew John Gietzen,                                 Defendant and Appellee

## No. 20230181

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellant; submitted on brief.

Joshua L. Weatherspoon, Bismarck, N.D., for defendant and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   The State appeals from a district court order granting a motion to suppress evidence. We affirm.

I

[¶2]   Matthew Gietzen was a passenger in a vehicle when it was stopped by a Bismarck police officer for a traffic violation. The driver consented to a search of the vehicle. She did not place any limitations on her consent. During the search, the officer found a black and green backpack behind the passenger seat. The backpack contained male toiletries, men's jeans, and knives. It also contained a small camouflage bag locked with a padlock. The officer asked Gietzen where the key was, and Gietzen said he did not know. The officer then described the bag to Gietzen, and Gietzen did not respond. The officer then said to Gietzen, "I'm going to break the padlock then." Gietzen responded, "I don't know what you're talking about." The officer then bypassed the lock by tearing the zipper apart and found controlled substances inside. The State charged Gietzen with possession of controlled substances and drug paraphernalia.

[¶3]   Gietzen moved to suppress the evidence found in the backpack, arguing he did not consent to the search of his backpack and the driver's consent did not extend to the search of his backpack. The district court granted the motion to suppress, finding the driver's consent did not apply to the small locked bag because the men's items with it in the backpack made it unreasonable to believe the female driver had authority to consent to a search of the locked bag and Gietzen did not consent to a search of the bag. The State appeals.

II

[¶4]   The State's right to appeal is limited by N.D.C.C. § 29-28-07. The State may appeal from an order suppressing evidence if the notice of appeal is "accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial

proof of a fact material in the proceeding." N.D.C.C. § 29-28-07(5). We have stated:

> The prosecution must support its appeal "with an explanation of the relevance of the suppressed evidence," and the prosecuting attorney's statement should not merely paraphrase the requirements of N.D.C.C. § 29-28-07(5). If the prosecution fails to provide an explanation and merely paraphrases the language of N.D.C.C. § 29-28-07(5), this Court may still consider the State's appeal where a review of the facts clearly demonstrates the relevance of the evidence suppressed.

*State v. Boehm*, 2014 ND 154, ¶ 6, 849 N.W.2d 239 (quoting *State v. Emil*, 2010 ND 117, ¶ 6, 784 N.W.2d 137) (cleaned up).

[¶5]   The State's statement filed with the notice of appeal failed to explain the relevance of the suppressed evidence and merely paraphrased the language of N.D.C.C. § 29-28-07(5). However, our review of the facts clearly demonstrates the relevance of the evidence suppressed. We will consider the State's appeal.

III

[¶6]   Both Article I, Section 8 of the North Dakota Constitution and the Fourth Amendment to the United States Constitution prohibit unreasonable searches and seizures. *State v. Stands*, 2021 ND 46, ¶ 8, 956 N.W.2d 366. We have explained:

> Absent an exception to the warrant requirement, the Fourth Amendment and N.D. Const. art. I, § 8, generally require a warrant for the seizure of physical evidence. *State v. Nickel*, 2013 ND 155, ¶ 22, 836 N.W.2d 405. Consent is an exception to the warrant requirement and is evaluated under the totality of the circumstances. *State v. Morin*, 2012 ND 75, ¶ 7, 815 N.W.2d 229. The exclusionary rule generally requires the suppression of evidence derived as a result of a constitutional violation as fruit of the poisonous tree. *State v. Wahl*, 450 N.W.2d 710, 714 (N.D. 1990).

*State v. Brickle-Hicks,* 2018 ND 194, ¶ 20, 916 N.W.2d 781.

[¶7] When reviewing a district court's decision on a motion to suppress, we will defer to the court's findings of fact. *State v. Adams*, 2018 ND 18, ¶ 8, 905 N.W.2d 758. Because the court is in a superior position to evaluate credibility and weigh evidence, conflicts in testimony are resolved in favor of affirmance. *Id.* We will affirm the district court "if there is sufficient competent evidence capable of supporting the district court's findings, and if its decision is not contrary to the manifest weight of the evidence." *Id.* (cleaned up).

[¶8] The State argues the driver had apparent authority over the backpack, making her unrestricted consent to search the vehicle sufficient to allow the search of all its contents, including the backpack. The State further argues Gietzen had to object to the search to negate the driver's apparent authority and establish his possessory interest in the backpack.

[¶9] For a warrantless consensual search to yield admissible evidence, the search must be voluntary and within the scope of the consent. *State v. DeCoteau*, 1999 ND 77, ¶ 9, 592 N.W.2d 579. "[C]onsent to search may be given by parties with actual or apparent common authority [] when viewed from the officer's perspective." *State v. Zimmerman*, 529 N.W.2d 171, 175 (N.D. 1995). "Apparent authority exists where a person of reasonable caution would believe, based on the facts available to the officer at the time of consent, that the consenting party had authority over the place or thing to be searched." *State v. Gatlin*, 2014 ND 162, ¶ 11, 851 N.W.2d 178.

[¶10] A driver's consent to search a vehicle may or may not extend to all property in a vehicle. In *State v. Daniels*, we held the driver's consent did not provide apparent authority that extended to the passenger's purse because no reasonable person would have understood the driver's consent to search the vehicle extended to a purse the officer knew was left in the vehicle by another person. 2014 ND 124, ¶ 19, 848 N.W.2d 670. Whether a driver's consent to search a vehicle extends to particular containers within the vehicle may depend on whether the container has identifying markings or characteristics indicating ownership by someone other than the driver. *See State v. Adams*, 2018 ND 18, ¶ 11, 905 N.W.2d 758.

[¶11] A backpack was behind the passenger seat where Gietzen was sitting. The backpack contained male toiletries, a pair of men's jeans, and knives. It also contained a small locked bag. The driver was asked if the small locked bag was hers, and the audio recording did not capture her answer. The district court found she did not claim ownership of the bag when asked and did not seem to know what the officer was talking about. Gietzen was also asked for the keys to the locked bag, and he said he did not know where the key was. Dashcam video immediately after the search shows an officer saying the locked bag "was in the bag with his [Gietzen's] stuff." The driver was female and Gietzen was the only male in the vehicle. The district court found that at the time of the search of the locked bag, the officer knew the other items inside the backpack did not belong to the driver, but rather to Gietzen. We agree with the district court that a reasonable person could not conclude the driver's consent to search the vehicle extended to the locked bag under these circumstances.

[¶12] Having determined the driver's consent was not sufficient to authorize a search of the locked bag, we now consider whether Gietzen provided consent.

> [T]o sustain a finding of consent, the State must show affirmative conduct by the person alleged to have consented that is consistent with the giving of consent, rather than merely showing that the person took no affirmative actions to stop the police from [searching].

*Daniels*, 2014 ND 124, ¶ 20. When a constitutional protection applies and consent alone serves as the basis for the search, the onus is on the officer to ensure he has valid consent. *Id*. at ¶ 24. The district court found the officer had knowledge the backpack belonged to Gietzen and needed to acquire Gietzen's consent to search the locked bag.

[¶13] The district court found the officer obtained no additional consent to search the locked bag, beyond the driver's consent to search the vehicle. It is not the defendant's burden to object to an imminent search or express lack of consent. It is the officer's burden to obtain affirmative consent to a search of the locked bag. The district court's finding that Gietzen did not consent to the

4

search of the backpack is supported by sufficient competent evidence and is not against the manifest weight of the evidence.

## IV

[¶14] The parties' remaining arguments are either without merit or unnecessary to our decision.

## V

[¶15] We affirm the order granting the motion to suppress.

[¶16] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr