[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14935

_____

D.C. Docket No. 1:13-cr-20240-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE RASHOD BARBER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and WALTER,[*] District
Judge.

WILLIAM PRYOR, Circuit Judge:

---

[*] Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

This appeal from a conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), presents an issue about apparent authority to consent to a search of a bag in a car. Tyrone Barber was a passenger in a car stopped by police officers. After the driver consented to a search of the car, the officers discovered a gun belonging to Barber in a bag placed on the passenger-side floorboard. Barber was charged with possession of a firearm by a convicted felon. Barber moved to suppress the gun on the ground that the driver lacked the authority to consent to the search of his bag. The district court denied the motion and ruled that the driver had both actual and apparent authority to consent to the search, and Barber was convicted after a bench trial. We affirm because the driver had apparent authority to consent to the search.

## I.  BACKGROUND

On September 6, 2012, Miami-Dade Police Department detectives Anthony Rodriguez and Robert Gonzalez stopped a car in which Tyrone Barber was a passenger. The detectives arrested the car's driver, Geofrey Robinson, for driving with a suspended license. Robinson consented to a search of the car. Rodriguez directed Barber, who was sitting in the passenger seat, to exit the car.

During the search, Rodriguez saw a purple bag on the passenger-side floorboard. At Barber's trial, Rodriguez testified that he did not know to whom the bag belonged at the time of the search. On cross-examination, Rodriguez testified

that he believed the bag belonged to Barber at the time of the search. Rodriguez looked inside the bag and saw a handgun, Barber's business cards, and a photo of Barber and his children. The officers performed a records check at the scene and learned that Barber had previously been convicted of a felony. The officers arrested Barber and read him his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), after which Barber confirmed that the gun belonged to him.

A federal grand jury indicted Barber on a single count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). Barber later moved to suppress the gun and his admissions obtained from the traffic stop and search. He argued that the officers searched his bag without probable cause or consent. The government argued that Barber lacked standing to challenge the search, and that even if he had standing, the search was lawful because it was conducted with Robinson's consent.

The district court held that Barber had "sufficient Fourth Amendment standing to raise an objection to the use of evidence obtained during [the search]." But the district court also held that the search was constitutional because Robinson gave "general consent" that "include[d] the consent to search containers within the car," and "the officers had no reason to suspect that the bag searched belonged to only [Barber]."

The court held a bench trial and found Barber guilty of the charge in the indictment. The court sentenced Barber to 33 months of imprisonment.

## II. STANDARD OF REVIEW

A denial of a motion to suppress involves mixed questions of fact and law. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). We review factual findings for clear error, and view the evidence in the light most favorable to the prevailing party. *Id*. We review *de novo* the application of the law to the facts. *Id*.

## III. DISCUSSION

The parties present two issues. First, the parties dispute whether Barber had standing to challenge the search of his bag. Second, the parties dispute whether Robinson had authority to consent to the search. We address each issue in turn.

### A. Barber Had Standing to Challenge the Search of His Bag.

Barber had standing to challenge the search because he had a reasonable expectation of privacy in his bag. "[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 472 (1998) (citation omitted). The Supreme Court "has always emphasized the second of these two requirements." *Hudson v. Palmer*, 468 U.S. 517, 525, n.7, 104 S. Ct. 3194, 3199 (1984). Barber had a subjective expectation of privacy in his bag, which contained his business

4

cards, computer flash drives, and photographs of Barber with his children. Barber's expectation of privacy was also objectively reasonable. In *United States v. Freire*, police found the defendant's briefcase during a search of a third party's car. 710 F.2d 1515, 1518 (11th Cir. 1983). The defendant had given the briefcase to the third party for safekeeping and was not present during the search. *Id.* This Court held that the defendant had an objectively reasonable expectation of privacy in his briefcase and could challenge the search. *Id.* at 1519. If the defendant in *Freire* had a reasonable expectation of privacy in his belongings, so did Barber. Not only was Barber present during the search of Robinson's car, but the bag was at his feet when the officers stopped the car.

The arguments of the government to the contrary are unpersuasive. The government relies on decisions holding that a passenger with no possessory interest in a car has no legitimate expectation of privacy in the car's interior because he has no right to exclude others from the car. *United States v. Lee*, 586 F.3d 859, 864 (11th Cir. 2009); *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008). But these decisions address a passenger's expectation of privacy in a car, not a passenger's expectation of privacy in a bag within a car. Barber had standing to challenge the search of his bag, even if he lacked standing to contest the search of the car.

5

*B. Robinson Had Apparent Authority to Consent to the Search of Barber's Bag.*

The district court concluded that Robinson had apparent authority to consent to a search of the bag. A third party has apparent authority to consent to a search if an officer could have reasonably believed the third party had authority over the area searched. *Illinois v. Rodriguez*, 497 U.S. 177, 188-89, 110 S.Ct. 2793, 2801 (1990) ("[D]etermination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment ... 'warrant a man of reasonable caution in the belief' that the consenting party had authority over the premises? . . . [I]f so, the search is valid.") (quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880 (1968)). The district court adduced three reasons why it was reasonable to believe Robinson had common authority over the bag: (1) the ownership of the bag "was not established until after the search occurred"; (2) the bag "was in easy reach" of Robinson; and (3) "the bag was not secured in any way."

The district court did not err when it determined that Robinson had apparent authority to consent to the search of the bag. The bag's placement on the passenger-side floorboard, within easy reach of Robinson, coupled with Barber's silence during the search, made it reasonable to believe Robinson had common authority over the bag. Drivers do not ordinarily place their bags on the driver-side floorboard, but drivers sometimes use the passenger-side floorboard to store their

6

belongings. The officers could have reasonably believed Robinson had common authority over the bag. And because Robinson had apparent authority to consent to the search, we need not decide whether he had actual authority to do so.

Barber's reliance on *United States v. Jaras*, 86 F.3d 383 (5th Cir. 1996), is misplaced. In *Jaras*, the officers were told that the bag they searched did not belong to the consenting party. Officer Rodriguez testified that he "believed" the bag belonged to Barber, but did not "know" to whom it belonged. No one told Officer Rodriguez that the bag did not belong to Robinson.

## IV. CONCLUSION

We **AFFIRM** Barber's conviction.