[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16127
Non-Argument Calendar

_____

D.C. Docket No. 7:15-cr-00019-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMONE R. BRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 21, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ramone Bright appeals the district court's denial of his motion to suppress. After careful review, we affirm.

## I.

For purposes of the motion to suppress, the parties have stipulated to the following facts. In January 2015, a postal inspector found a package to be suspicious during a routine inspection and reported it to the police in Moultrie, Georgia. The package was addressed to "John Bright" from "SJ Clothing." The postal inspector thought the package suspicious because: (1) it had a handwritten label and most business packages used printed labels; (2) it was from Los Angeles, which is a known source city for narcotics; (3) neither "John Bright" nor "SJ Clothing" were associated with the addresses on the package; (4) the signature requirement on the express shipping had been waived, which is unusual; and (5) the package was heavily taped. The police then used a certified narcotics detection dog to test the package. The dog indicated that the package contained narcotics.

Based on this information, the police got a search warrant to open the package. Inside of it was a brick of cocaine. The police in turn got an anticipatory search warrant for the home the package was addressed to. The warrant allowed the police to deliver the package and search the home if anyone living there accepted the delivery.

2

The postal inspector delivered the package to the listed address.  Bright's codefendant answered the door and signed for the package, saying that John Bright lived at the residence.  Moultrie police officers then searched the house.  Police officers found marijuana, methamphetamine, prescription pills, digital scales, drug packaging materials, and two handguns.

Based on these stipulated facts, the district court held a hearing on Bright's motion to suppress.  After hearing from both sides, the court denied Bright's motion.  Bright then pled guilty to aiding and abetting possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), as well as possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Bright reserved the right to appeal the denial of his suppression motion.  The district court sentenced Bright to 57-months imprisonment.

## II.

On appeal, Bright argues the district court erred in concluding the postal inspector had reasonable suspicion to detain the package for further investigation.  "A denial of a motion to suppress involves mixed questions of fact and law." United States v. Barber, 777 F.3d 1303, 1304 (11th Cir. 2015).  We review for clear error the district court's factual findings, viewing the evidence in the light most favorable to the prevailing party.  Id.  We review de novo the application of the law

3

to  the facts.  Id.  We thus review de novo the district court's legal determination of "reasonable suspicion," but in doing so we "take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663 (1996).

Under this Court's precedent, there is no Fourth Amendment violation where officers temporarily detain a reasonably suspicious postal package until it can be inspected by a drug detection dog.  United States v. Banks, 3 F.3d 399, 403 (11th Cir. 1993) (per curiam).  Reasonable suspicion is "a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence."  Illinois v. Wardlow, 528 U.S. 119, 123, 120 S. Ct. 673, 675 (2000).  It must be based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968).  In determining whether there was reasonable suspicion, we "look at the 'totality of the circumstances' of each case to see whether the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing."  United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744, 750 (2002).  That is, the officer must have more than just a "hunch of criminal activity."  United States v. Perkins, 348 F.3d 965, 970 (11th Cir. 2003) (quotation omitted).

4

Viewing the evidence in the light most favorable to the government, we agree with the district court that the postal inspector had reasonable suspicion in this case. For starters, the postal inspector was correctly suspicious of the fact that both the listed sender and receiver were not associated with the addresses on the package. See United States v. Van Leeuwen, 397 U.S. 249, 252, 90 S. Ct. 1029, 1032 (1970) (noting that a fictitious address supported a finding of reasonable suspicion). And while that may not have been enough on its own, the postal inspector pointed to a number of other specific facts that caused him to be reasonably suspicious: handwritten labels on a business package; very heavy taping; an origin city that is a known narcotics source; and waiver of the signature requirement. We must give "due weight to [the] inferences drawn" from the experience of the postal inspector in this case. See Ornelas, 517 U.S. at 699, 116 S. Ct. at 1663. Based on the totality of these circumstances and giving the postal inspector's inferences due weight, we conclude "there was reasonable suspicion to detain the package until a drug detection canine could establish probable cause for the presence of a controlled substance and a search warrant could be issued." See Banks, 3 F.3d at 403. We therefore affirm the denial of Bright's motion to suppress.

**AFFIRMED.**

5