Luckert, J., dissenting:
I disagree with the majority's conclusion that law enforcement officers' reliance on Kimberly Motley's consent to search bags located at the feet of the passenger, Robin Boggess, was objectively reasonable.
As the majority notes, the State shoulders the burden to establish the reasonableness of the search. See K.S.A. 22-3216(2) ; State v. Ransom , 289 Kan. 373, 380, 212 P.3d 203 (2009). The officers testified they thought Boggess might be under the influence of methamphetamine, but the State does not argue this suspicion justified a search. In fact, as the majority notes, the officers apparently determined there was no crime being committed as they told the driver she was free to leave. The State relies solely on its theory that Motley had the apparent authority to consent to a search of the bags located at the feet of the passenger. To meet the State's burden of persuasion under this theory, it must establish that "the facts available to the officer would warrant a person of reasonable caution to believe that the consenting party had authority over the premises to be searched." State v. Porting , 281 Kan. 320, 328, 130 P.3d 1173 (2006) (citing Illinois v. Rodriguez , 497 U.S. 177, 188-89, 110 S.Ct. 2793, 111 L.Ed.2d 148 [1990] ). The State did not satisfy that burden because the facts "cry out for further inquiry, and when this is the case it is not reasonable for the police to proceed on the theory that 'ignorance is bliss.' " 4 LaFave, Search and Seizure § 8.3(g), p. 243 (5th ed. 2012). Yet, here, the officers chose ignorance and proceeded with an illegal search.
I do not dispute that Motley had apparent authority to consent to a search of the car, including the passenger floorboard, and even containers contained in areas of the car as long as there was not a question of her authority to consent to opening a container. But once officers located a zippered bag found in an area where the passenger had been sitting, a person of reasonable caution would consider the possibility the passenger had authority over the bag and would question whether the driver had the apparent authority to consent to a search of the bag. This principle flows logically from the way a passenger and driver share the space. Yes, as the majority discusses, a driver might place bags on the passenger floorboard, but so might the passenger. Thus, a reasonable person of caution would wonder whether the bag belonged to the driver or the passenger. For this reason, I disagree with the decision in United States v. Barber , 777 F.3d 1303 (11th Cir. 2015), the case relied upon by the majority. That court concluded a driver could consent to the search of a bag on the passenger-side floorboard because the driver and the passenger had "common authority over the bag." 777 F.3d at 1305-06.
Common authority does not "automatically extend to the interiors of every enclosed space within the area," however. Donovan v. A.A. Beiro Const. Co ., 746 F.2d 894, 902 (D.C. Cir. 1984) ; United States v. Buettner-Janusch , 646 F.2d 759 (2d Cir.), cert. denied 454 U.S. 830, 102 S.Ct. 126, 70 L.Ed.2d 107 (1981) ; accord United States v. Block , 590 F.2d 535 (4th Cir. 1978). Rather, a rule of reason applies that requires officers (and, later, courts) to " 'assess[es] the critical circumstances indicating the presence or absence of a discrete expectation of privacy with respect to the particular object: whether it is secured, whether it is commonly used for *333 preserving privacy, etc.' " Donovan , 746 F.2d at 902 (quoting Block , 590 F.2d at 541 n.8 ).
Donovan addresses the search of a residence. Obviously, we have a different situation, and "[p]assengers, no less than drivers, possess a reduced expectation of privacy with regard to the property that they transport in cars." Wyoming v. Houghton , 526 U.S. 295, 296, 119 S.Ct. 1297, 143 L.Ed. 2d 408 (1999). But the same rules of reason apply to residential and vehicle searches conducted under the consent exception to the warrant requirement when courts assess apparent authority. As the United States Supreme Court has stated: "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno , 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). This means a driver's consent to search a vehicle must reasonably be understood to extend to a particular container. 500 U.S. at 251-52, 111 S.Ct. 1801. While specific consent is not required before searching every container in a vehicle, the Court explained that circumstances may require the consent be specific to a container in some circumstances. For example, "[i]t is very likely unreasonable to think that a suspect, by consenting to the search of his trunk, has agreed to the breaking open of a locked briefcase within the trunk, but it is otherwise with respect to a closed paper bag." 500 U.S. at 251-52, 111 S.Ct. 1801.
As this illustrates, the expectation of a passenger's privacy may vary container-to-container. Consistent with this principle, this and other courts have recognized that passengers maintain a discrete privacy interest in purses, briefcases, luggage, and other bags of a nature to carry personal belongings or otherwise evidence an expectation of privacy, even when located in a vehicle. See, e.g., United States v. Iraheta , 764 F.3d 455, 463-64 (5th Cir. 2014) (officers acted unreasonably in searching luggage in a trunk based on a driver's consent when there were two passengers and three suitcases-one per car occupant); United States v. Infante-Ruiz , 13 F.3d 498 (1st Cir. 1994) (driver's consent to search of car did not extend to passenger's briefcase); United States v. Freire , 710 F.2d 1515, 1519 (11th Cir. 1983) (recognizing expectation of privacy in briefcase); United States v. MacCready , 878 F.Supp. 976 (W.D. Tex.1995) (recognizing expectation of privacy in a backpack); State v. Boyd , 275 Kan. 271, 277, 283, 64 P.3d 419 (2003) (explaining the inherently personal nature of a purse); People v. James , 163 Ill.2d 302, 318, 206 Ill.Dec. 190, 645 N.E.2d 195 (1994) (same); State v. Caniglia , 1 Neb.App. 730, 510 N.W.2d 372 (1993) (male driver's consent to search of vehicle did not extend to female passenger's make-up "purse"); State v. Williams , 48 Or.App. 293, 616 P.2d 1178 (1980) (consent by owner for search of vehicle did not validate warrantless search of cassette tape case owned by passenger); May v. State , 582 S.W.2d 848 (Tex. Crim. App. 1979) (expectation of privacy in a lunch box).
Two concepts drive the analysis in the cases where a court determines a driver did not have apparent authority. First, individuals have a reasonable and discrete expectation of privacy in those bags, briefcases, and purses that serve as an "extension of one's own clothing because it serves as a larger 'pocket,' " in which personal items are stored. E.g., Freire , 710 F.2d at 1519. Second, these items are "generally not an object for which two or more persons share common use or authority." James , 163 Ill.2d at 318, 206 Ill.Dec. 190, 645 N.E.2d 195. Both these concepts weigh toward the determination that the officer should have paused and asked questions to clarify the ambiguity regarding ownership when he discovered a zippered bag located below where the Boggess had been sitting.
The majority dismisses Boggess' expectation of privacy, in part, because the bag here was described as a small, zippered bag, as opposed to a purse. I reject that view. One often uses such a bag to store personal items and doing so in a zippered bag suggests an effort to protect one's privacy and the security of the items in the bag. That description signals a circumstance where a passenger would expect the driver to respect the personal sanctity of the passenger and not expect the driver to invade the bag any more *334 than the passenger would expect the driver to search the passenger's pockets. In other words, a discrete expectation of privacy attaches and small, zippered bags are not generally an object that two or more individuals commonly use or over which they share common authority. I find no basis to distinguish this bag from the purse at issue in this court's decision in Boyd or the makeup "purse" or bag at issue in the Nebraska court's decision in Caniglia .
I, also, reject the majority's reliance on Boggess' silence. I recognize that silence may in some cases be a factor weighing on the reasonableness of an officer's belief that a consenting party had apparent authority because the third party does not object. See United States v. Langston , 970 F.2d 692, 698 (10th Cir. 1992). But I disagree with applying that concept here for two reasons. First, while there was evidence in the record from which a fact-finder could conclude Boggess overheard the officers communicating to each other that Motley had consented to a search of the car, the district court did not make any factual findings on this point. Second, there is reason to question whether she knew about the consent or its scope. One officer admitted it was possible Boggess had not heard. And, as soon as she became aware the officers had her black bag, she objected. Appellate courts do not weigh evidence, resolve evidentiary conflicts, or determine the credibility of witnesses. State v. Dunn , 304 Kan. 773, 822, 375 P.3d 332 (2016). I would draw no conclusions from Boggess' silence.
Here, the officers were presented with a situation that cried out for a question. Who owns this black, zippered bag? This simple step would have protected Boggess' rights under the Fourth Amendment to the United States Constitution and Section 15 of the Kansas Constitution Bill of Rights. I would reverse the judgment of the Court of Appeals affirming the district court, reverse the judgment of the district court, and remand for a new trial.
Beier and Johnson, JJ., join the foregoing dissenting opinion.