Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/22/2021 09:09 AM CST

State of Nebraska, appellee, v.
Brandi R. Andera, appellant.
___ N.W.2d ___

Filed October 30, 2020.    No. S-19-1205.

1. **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, the appellate court reviews the trial court's findings for clear error. But whether those facts trigger or violate Fourth Amendment protections is a question of law that the appellate court reviews independently of the trial court's determination.

2. **Search and Seizure: Standing.** A passenger who has a property interest in a container within the vehicle has standing to challenge the search of that container.

3. **Constitutional Law: Search and Seizure.** Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment to the U.S. Constitution, subject only to a few specifically established and well-delineated exceptions.

4. **Warrantless Searches.** The warrantless search exceptions recognized by the Nebraska Supreme Court include: (1) searches undertaken with consent, (2) searches under exigent circumstances, (3) inventory searches, (4) searches of evidence in plain view, and (5) searches incident to a valid arrest.

5. **Warrantless Searches: Police Officers and Sheriffs.** A warrantless search is valid when based upon consent of a third party whom the police, at the time of the search, reasonably believed possessed authority to consent to a search of the property, even if it is later demonstrated that the individual did not possess such authority.

6. **Search and Seizure: Police Officers and Sheriffs.** The search of property based on consent by a third party must be judged against

an objective standard: Would the facts available to the officer at the moment warrant a person of reasonable caution in the belief that the consenting party had authority over the property?

7. **Warrantless Searches: Police Officers and Sheriffs.** A warrantless seizure is justified under the plain view doctrine if (1) a law enforcement officer has a legal right to be in the place from which an object subject to seizure could be plainly viewed, (2) the seized object's incriminating nature is immediately apparent, and (3) the officer has a lawful right of access to the seized object itself.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and April M. Lucas for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

Brandi R. Andera appeals her drug possession conviction following a stipulated bench trial. During a traffic stop, a police officer obtained the female driver's consent to search the vehicle and found methamphetamine in a purse located on the front passenger floorboard. Andera, the front seat passenger, challenges the search, because she owned the purse and did not consent to its search. Because the officer reasonably believed that the driver could have owned the purse and the officer found the contraband in plain view upon opening the wallet that contained Andera's identification, we affirm.

## II. BACKGROUND

Andera was convicted of one count of possession of a controlled substance after a female police officer found methamphetamine during a warrantless search of Andera's purse

during a traffic stop. The officer initiated the stop because the vehicle did not have license plates.

During the traffic stop, the officer requested identification from Andera, the female driver, and the rear seat passenger. Andera and the driver complied, but the rear passenger failed to provide accurate identifying information. The officer testified that the driver provided a driver's license and the rear passenger gave verbal identification (name and date of birth). However, the officer could not recall whether Andera provided a driver's license or gave verbal identification.

Suspecting illicit activity, the officer obtained consent from the driver to search the vehicle. When the driver gave consent, she was located outside the vehicle near the trunk. At that time, Andera and the rear passenger remained in the vehicle out of earshot, but neither Andera nor the rear passenger objected once they were informed of the impending search.

After removing the three vehicle occupants, the officer searched the vehicle's passenger compartment. The officer discovered a single purse on the front passenger floorboard. It was the only handbag in the vehicle. The officer did not ask the occupants who owned the purse. The officer testified that at the time, she was not certain to whom the purse belonged. But she answered affirmatively when asked: "So in your mind, it could have been the driver's purse?"

The officer searched the purse and immediately discovered a needle. Continuing her search to a wallet located inside the purse, the officer discovered a small bag of methamphetamine and Andera's Social Security and debit cards. The record does not establish that the identification cards were discovered prior to the methamphetamine. When asked at the scene, Andera claimed the contraband was not hers. Nonetheless, she was charged with possession of a controlled substance.

Andera filed a motion to suppress the fruits of the warrantless search, claiming it violated her Fourth Amendment protections against unlawful searches and seizures because

she did not consent to the search of her purse. At the conclusion of the evidentiary hearing, the district court overruled her motion.

In overruling the motion, the court made three findings on the record. First, the search was based on "the consent of the driver to search the vehicle." Second, "it [was] reasonable for [the officer] to believe, [as] she testified, that the purse could have been the driver's." Third, "[the officer] located a syringe initially upon searching the purse, prior to discovering any venue information that may give indicia of ownership of the purse to someone [else]."

In due course, the matter proceeded to the stipulated bench trial, and shortly thereafter, the court found Andera guilty. After the court imposed a sentence of probation, Andera filed a timely appeal. We moved the appeal to our docket.[1]

### III. ASSIGNMENT OF ERROR

Andera assigns that the district court erred in overruling her motion to suppress.

### IV. STANDARD OF REVIEW

[1] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, we apply a two-part standard of review. Regarding historical facts, we review the trial court's findings for clear error. But whether those facts trigger or violate Fourth Amendment protections is a question of law that we review independently of the trial court's determination.[2]

### V. ANALYSIS

#### 1. Standing

[2] Andera does not challenge the validity of the officer's stopping the vehicle or the search of the vehicle's passenger

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[2] *State v. Shiffermiller*, 302 Neb. 245, 922 N.W.2d 763 (2019).

compartment; instead, she challenges the search of her purse. It is well established that a traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle.[3] Additionally, a passenger does not have standing to challenge a vehicle search where she has neither a property nor a possessory interest in the automobile.[4] However, a passenger who has a property interest in a container within the vehicle has standing to challenge the search of that container.[5] Because Andera has a property interest in the purse that the officer searched, she has standing to challenge its search.

## 2. Search of Purse

[3,4] Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment to the U.S. Constitution, subject only to a few specifically established and well-delineated exceptions.[6] The warrantless search exceptions recognized by the Nebraska Supreme Court include: (1) searches undertaken with consent, (2) searches under exigent circumstances, (3) inventory searches, (4) searches of evidence in plain view, and (5) searches incident to a valid arrest.[7]

The officer who searched Andera's purse relied on the consent of the driver to conduct the warrantless search. However, the driver did not own the purse and Andera never consented to the search. Therefore, we must determine if the consent exception nonetheless applies to the search of the purse. We then address the legality of the discovery of the contraband within the purse.

---

[3] *State v. Lee*, 265 Neb. 663, 658 N.W.2d 669 (2003).

[4] See *Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978).

[5] See *State v. Konfrst*, 251 Neb. 214, 556 N.W.2d 250 (1996).

[6] *State v. Wells*, 290 Neb. 186, 859 N.W.2d 316 (2015).

[7] *Id.*

### (a) Consent to Search Purse

The right to be free from unreasonable searches and seizures may be waived by the consent of the citizen.[8] When the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that the consent was given by the defendant, but may show that the permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.[9]

[5,6] Furthermore, a warrantless search is valid when based upon consent of a third party whom the police, at the time of the search, reasonably believed possessed authority to consent to a search of the property, even if it is later demonstrated that the individual did not possess such authority.[10] The search of property based on consent by a third party must "'be judged against an objective standard: would the facts available to the officer at the moment . . . "warrant a man of reasonable caution in the belief"' that the consenting party had authority over the [property]?"[11]

Although the officer who searched Andera's purse testified that she was not certain who the purse belonged to when she initiated the search, she reasonably believed that the purse could have belonged to the female driver. Other courts have found that officers can reasonably believe that a bag located on the floorboard of the front passenger seat is the property of the driver because the bag is within easy reach of the driver and drivers do not ordinarily place their bags on the driver's-side floorboard.[12]

---

[8] *Konfrst, supra* note 5.

[9] *Id.*

[10] *Id.*

[11] See *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S. Ct. 2793, 111 L. Ed. 2d 148 (1990) (quoting *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).

[12] See, e.g., *U.S. v. Barber*, 777 F.3d 1303 (11th Cir. 2015).

Andera argues that we should apply *State v. Caniglia*[13] to determine if the officer reasonably believed that the driver could have owned the purse. There, the Nebraska Court of Appeals ruled that a warrantless search of a makeup purse hidden under the passenger seat violated the Fourth Amendment, because a male driver could not give consent to the search.[14] The male driver did not have common authority or joint control over a female passenger's makeup purse.[15] The Court of Appeals reasoned that the officer could not reasonably have believed the female passenger's makeup purse was the property of the male driver.[16]

Andera's case is distinguishable from *Caniglia*. Here, the driver and passenger were both female. Moreover, the purse was located on the floorboard of the passenger seat, within the driver's reach, and not hidden under the passenger seat. We are not persuaded that the reasoning in *Caniglia* applies here. Thus, Andera's argument lacks merit.[17]

Because the officer reasonably believed the purse could have belonged to the driver, the officer was justified in relying on the driver's consent to search Andera's purse. However, the driver's consent was only a valid justification up until the moment the officer determined that the purse belonged to Andera. Thereafter, the driver's consent would have been insufficient to extend the search of the purse.

The district court seemed to rely upon the officer's discovery of the needle to justify the seizure of the methamphetamine. But another doctrine supported the officer's action.

### (b) Plain View Doctrine

[7] It is well established that under certain circumstances, the police may seize evidence in plain view without a

---

[13] *State v. Caniglia*, 1 Neb. App. 730, 510 N.W.2d 372 (1993).

[14] See *id.*

[15] See *id.*

[16] See *id.*

[17] See *id.*

warrant.[18] Here, we are not concerned with the situation in which there has been no Fourth Amendment search at all, which encompasses those circumstances in which an observation is made by a police officer without a prior physical intrusion into a constitutionally protected area.[19] The plain view doctrine, which applies here, serves to supplement a prior justification for a search—such as consent—and permits the warrantless seizure.[20] Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the plain view doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.[21] Therefore, a warrantless seizure is justified under the plain view doctrine if (1) a law enforcement officer has a legal right to be in the place from which an object subject to seizure could be plainly viewed, (2) the seized object's incriminating nature is immediately apparent, and (3) the officer has a lawful right of access to the seized object itself.[22]

Here, the officer lawfully seized the evidence of methamphetamine from Andera's purse under the plain view doctrine. The officer's search was already justified by the consent of the driver, and the officer had a legal right to be looking in the wallet. She did not discover the true ownership of the purse until the wallet was already opened. Once the officer saw the bag of methamphetamine, its contents became immediately apparent in correlation with the previously discovered needle and the officer could lawfully access and seize the

---

[18] *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971).

[19] See 1 Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment § 2.2(a) at 621 (6th ed. 2020) (discussing "'open field' or similar unprotected area").

[20] See 1 LaFave, *supra* note 19.

[21] *Id.*

[22] *State v. Shurter*, 238 Neb. 54, 468 N.W.2d 628 (1991).

methamphetamine. Thus, the officer's seizure was lawful under the plain view doctrine.

## VI. CONCLUSION

The driver's consent validated the officer's warrantless search of Andera's purse because the officer reasonably believed the purse could have belonged to the driver. The plain view doctrine justified the subsequent seizure of methamphetamine from Andera's wallet. Andera's Fourth Amendment protections against unreasonable searches and seizures were not violated. Because the district court did not err in overruling Andera's motion to suppress, we affirm the judgment of the district court.

AFFIRMED.