IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DUARTE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALEJANDRO R. DUARTE, APPELLANT.

Filed March 29, 2022.    No. A-21-644.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge, on appeal thereto from the County Court for Sarpy County: TODD J. HUTTON, Judge. Judgment of District Court affirmed.

Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Alejandro R. Duarte appeals from an order of the district court for Sarpy County affirming the decision of the county court which overruled his motion to suppress and subsequently found him guilty of driving under the influence of alcohol, second offense, and making an improper turn. On appeal, Duarte argues that the district court erred by affirming the county court's decisions to overrule his motion to suppress and finding sufficient evidence to convict him of the charged offenses. Upon our review, we affirm the decision of the district court which affirmed the county court's decisions to overrule the motion to suppress and to convict Duarte.

- 1 -

BACKGROUND

On January 9, 2020, the State filed a criminal complaint charging Duarte with two offenses: driving under the influence, second offense, a Class W misdemeanor, and making an improper turn, a traffic infraction. On March 6, Duarte filed a motion to suppress any evidence related to the stop of his vehicle by law enforcement. Specifically, Duarte alleged that the police officer who stopped his vehicle could not effectuate the traffic stop because the police officer was outside of his primary jurisdiction and had no probable cause to stop Duarte, all contrary to Duarte's rights under the constitutions of both the United States and Nebraska.

On June 11, 2020, the county court held a hearing on Duarte's motion to suppress. At the hearing, the State called Officer Brian Malone, a police officer with the city of Papillion, Nebraska, to testify.

Malone testified that on December 28, 2019, he conducted a traffic stop of Duarte's vehicle after observing the driver of the vehicle conduct an improper right-hand turn while within Papillion city limits. Specifically, Malone explained that he observed Duarte's vehicle turn right out of a restaurant parking lot eastbound onto Giles Road. The vehicle turned directly into the left lane of Giles Road, failing to remain in the lane nearest the curb. Malone testified that he observed the vehicle to move into the left turn lane in order to turn north onto 72d Street. In Malone's estimation, there was 100 to 200 feet between the point where Duarte entered Giles Road and the intersection of 72d and Giles.

Malone testified that after observing the vehicle make the right turn and the subsequent left turn onto 72d Street, he began following the vehicle north. He acknowledged that once the vehicle was proceeding north out of the intersection the vehicle was in La Vista, Nebraska. As a result, when he was following the vehicle, he was no longer in Papillion, but was in La Vista. Malone continued to follow the vehicle for approximately 1 minute or ½ mile. While following the vehicle, Malone observed the driver of the vehicle drive in excess of the speed limit and change lanes without first signaling. Malone explained that in his initial report he did not note that he observed Duarte to be driving in excess of the posted speed limit once he turned north on 72d Street. He further explained that his knowledge of the vehicle's speed was based upon his vehicle maintaining the speed limit and Duarte's vehicle "pulling away" from him. As a result of his observations, Malone conducted a traffic stop of the vehicle. Malone acknowledged that the traffic stop ultimately occurred in the city of La Vista, Nebraska. The La Vista Police Department has primary jurisdiction in the city of La Vista. Malone was an officer employed by the Papillion Police Department. After identifying Duarte, Malone detected the odor of alcohol "emitting from the vehicle" and conducted an investigation to determine whether Duarte was driving under the influence. Subsequent to that investigation, Duarte was arrested for driving under the influence.

On October 5, 2020, the county court denied Duarte's motion to suppress. In its order, the county court explained that Malone observed Duarte to make an improper right-hand turn in violation of Neb. Rev. Stat. § 60-6,159 (Reissue 2010). The court also noted that Malone later observed Duarte make an improper lane change by changing lanes without signaling. The county court further explained that Malone followed Duarte north beyond his primary jurisdiction into the adjacent city of La Vista, where he observed Duarte driving in excess of the posted speed limit. The county court found that based upon the traffic violations, the officer had probable cause to

stop Duarte's vehicle and that the stop was lawful. The county court found that the traffic stop was also lawful pursuant to Neb. Rev. Stat. § 29-215(2)(b) (Reissue 2016) because the officer had been in fresh pursuit of Duarte for less than 1 minute and was only about ½ mile into La Vista after observing Duarte make his illegal right-hand turn in Papillion. The court noted that pursuant to § 29-215(2)(b), an officer may, in a fresh pursuit apprehend a person suspected of committing a misdemeanor or traffic violation, anywhere within 25 miles of the officer's primary jurisdiction and there arrest and detain.

A bench trial was held on January 21, 2021. At the start of trial, Duarte renewed his objection to the evidence related to the motion to suppress. The court again overruled the evidentiary objection. Our record does not include any testimony that was adduced at trial. However, exhibits received at trial included the footage from Malone's body camera and is included in our record. At the sentencing hearing, there is an indication that Duarte made an oral motion for a directed verdict, which was taken under advisement. Duarte was ultimately found guilty of both charges by the county court on February 18, 2021.

Sentencing was held on February 25, 2021. The county court sentenced Duarte to a term of probation of 18 months and imposed a fine of $500 on the second-offense DUI charge. In addition, the county court ordered Duarte's driver's license to be revoked for 18 months. He was sentenced to a $25 fine for making the improper turn.

Duarte timely appealed his convictions and sentences to the district court. In his statement of errors, Duarte asserted that the county court erred in overruling his motion to suppress because there was not probable cause for Malone to initiate the traffic stop and because Malone was not within his primary jurisdiction when he stopped Duarte's vehicle. Duarte also asserted that the county court erred when it found that Malone could conduct a legal traffic stop outside of his primary jurisdiction because there was no certified copy of an interlocal agreement admitted into evidence. Finally, Duarte asserted that because the evidence from the traffic stop should have been excluded, there was insufficient evidence to support his convictions.

On July 7, 2021, the district court entered an order affirming the decision of the county court. The district court agreed with the county court that Malone had probable cause to initiate a traffic stop. The district court found that it was "unquestioned" that Malone observed Duarte commit a traffic violation in Papillion and then followed Duarte and effectuated a traffic stop. It found that Malone's actions were justified under § 29-215(2)(b) because the distance between the location of the infraction and traffic stop was less than 25 miles. The district court noted that Malone testified regarding the geographic locations of the cities, the streets he traveled, the direction he proceeded, and the time elapsed, which provided circumstantial evidence of the boundaries of the cities.

Duarte now appeals to this court.

ASSIGNMENTS OF ERROR

Duarte assigns and argues that the district court erred in affirming the county court's ruling that there was probable cause for Malone to conduct a traffic stop of Duarte and in affirming the county court's ruling that Malone was authorized to make a traffic stop outside his primary jurisdiction. Finally, Duarte argues that the district court erred in affirming the county court's decision to convict Duarte of both charges.

STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019). Both the district court and a higher appellate court generally review appeals from county court for errors appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, we apply a two-part standard of review. Regarding historical facts, we review the trial court's findings for clear error. *State v. Andera*, 307 Neb. 686, 950 N.W.2d 102 (2020). But whether those facts trigger or violate Fourth Amendment protections is a question of law that we review independently of the trial court's determination. *State v. Andera, supra.*

ANALYSIS

*Probable Cause for Initial Traffic Stop.*

Duarte asserts that there was not probable cause for Malone to initiate the traffic stop. However, the State argues that Malone had probable cause to initiate the traffic stop because he observed Duarte to make an improper turn in Papillion. A traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle. *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012). Under § 60-6,159(1), the approach for a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. Duarte concedes that his right-hand turn was not made to the lane that was next to the right-hand curb or edge of the roadway. Rather, he argues that it was not practicable for him to turn into that lane because he needed to turn left soon after the right-hand turn.

In determining whether the government's intrusion into a motorist's Fourth Amendment interests was reasonable, the question is not whether the officer issued a citation for a traffic violation or whether the State ultimately proved the violation. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008). Rather, a stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation has occurred. *Id.* If an officer has probable cause to stop a violator, the stop is objectively reasonable. *Id.* Probable cause for a traffic stop merely requires that the facts available to the officer would cause a reasonably cautious person to believe that the suspect has committed an offense; it does not demand any showing that this belief be correct or more likely true than false. *State v. Au*, 285 Neb. 797, 829 N.W.2d 695 (2013).

It is clear that Malone possessed facts from which it was reasonable to believe Duarte committed a traffic violation, and the county court properly denied Duarte's motion to suppress. Duarte concedes that he turned into the incorrect lane; however, he asserts that it was impracticable given the nature of his travel plan. Duarte's argument is without merit. Malone did not need to make an assessment of the practicability of the turn prior to initiating the traffic stop. Rather, the State needed only show that a reasonably cautious person would believe that Duarte committed

the offense. Malone's observation of Duarte turning into the incorrect lane was sufficient for this belief. Accordingly, we affirm the decision of the district court affirming the decision of the county court finding that Malone had probable cause to stop Duarte.

*Traffic Stop Outside of Malone's Primary Jurisdiction.*

Duarte argues that his traffic stop was unlawful because Malone was outside of his primary jurisdiction when he made the traffic stop. He further argues that there was not credible evidence of the boundary lines between the jurisdictions and that the State did not offer a copy of an interlocal agreement between the cities of Papillion and La Vista that would allow officers from one jurisdiction to stop a vehicle in the other.

Under § 29-215, a Nebraska law enforcement officer who is beyond his or her primary jurisdiction, has in certain situations the power and authority to enforce the laws of Nebraska or to perform the functions of his or her office, including the authority to arrest and detain suspects. Any law enforcement officer, "if in a fresh attempt to apprehend a person suspected of committing a misdemeanor or a traffic infraction, may follow such person anywhere in an area within twenty-five miles of the boundaries of the law enforcement officer's primary jurisdiction, and there arrest and detain such person." § 29-215(2)(b).

Here, the original traffic infraction, an illegal turn, observed by Malone indisputably occurred within the city limits of Papillion. As a police officer with the Papillion Police Department, Malone has primary jurisdiction within the city limits of Papillion. He began to follow Duarte in Papillion after observing Duarte's turn. Malone testified that he only followed Duarte for approximately ½ mile and only for 1 minute prior to initiating the traffic stop. He acknowledged that the traffic stop occurred in La Vista, but it is clear that Malone was within 25 miles of his primary jurisdiction when he made the traffic stop. Accordingly, we find that pursuant to § 29-215(2)(b), there was no error in the county court's determination that Malone had jurisdiction to initiate a traffic stop of Duarte. Nor did the district court err in affirming the county court's decision.

Duarte's argument about the failure to produce an interlocal agreement between the cities of Papillion and La Vista stems from § 29-215(2)(d), which provides a separate basis for a law enforcement officer outside his or her primary jurisdiction to arrest and detain when the municipality or county of the officer's primary jurisdiction enters into an interlocal cooperation agreement with another jurisdiction to provide law enforcement services. However, such an interlocal agreement is not necessary when an arrest is made pursuant to § 29-215(2)(b). Therefore, Duarte's argument in this regard need not be addressed further given our resolution of the jurisdiction issue under § 29-215(2)(b).

Finally, the State alternatively argues that even if Malone did not have jurisdiction to conduct the traffic stop, suppression of the evidence would not be an appropriate remedy. See *State v. Knutson*, 288 Neb. 823, 852 N.W.2d 307 (2014). Since we have found that the traffic stop herein was authorized by § 29-215(2)(b), we need not address this issue.

*Sufficiency of Evidence.*

Finally, Duarte argues that the district court erred in affirming the county court's decision to convict him of both alleged charges. Duarte alleges that the evidence related to his traffic stop

should have been excluded and if that evidence was excluded, there would be insufficient evidence to support his convictions. As we explained above, the county court correctly overruled Duarte's motion to suppress. Therefore, the utilization of the evidence which Duarte sought to suppress could be properly considered by the county court. To the degree Duarte contends that the evidence received at trial is insufficient to sustain his convictions, he has not provided us a record which supports his contentions. No record of the actual trial which occurred on January 21, 2021, or any exhibits received therein appear in our record. We note that in his praecipe for bill of exceptions filed in the county court for purposes of appeal to the district court, Duarte asked for the "2-18-21 trial" to be included. However, the only portion of the trial which occurred that day was the announcement of the verdict by the county judge who had previously taken the case under advisement. It is incumbent upon the appellant to present a record which supports the errors assigned. *State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id*.

CONCLUSION

For the reasons stated above, we affirm the district court's decision which affirmed the county court's decision to overrule Duarte's motion to suppress and to find Duarte guilty of driving under the influence, second offense, and making an improper turn.

AFFIRMED.