[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 23-11876

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEAUNDRE LAMAR COBB,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:21-cr-00340-TES-SMD-1

————————————

Before WILSON, LUCK, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Deaundre Cobb appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Cobb argues that the district court erred by denying his motion to suppress evidence, as the warrantless search of his backpack was not a valid search incident to arrest, because Cobb was handcuffed and surrounded by several officers when police searched his backpack. Having reviewed the record and read the parties' briefs, we affirm Cobb's conviction.

## I.

We review a denial of a motion to suppress under a mixed standard of review: the district court's findings of fact are reviewed for clear error, while the district court's conclusions of law are reviewed *de novo*. *United States v. Harden*, 104 F.4th 830, 833 (11th Cir. 2024). We must construe all facts in the light most favorable to the party that prevailed in the district court. *United States v. Morley*, 99 F.4th 1328, 1336 (11th Cir. 2024). "We may affirm the denial of a motion to suppress on any ground supported by the record." *United States v. Cohen*, 38 F.4th 1364, 1368 (11th Cir. 2022).

## II.

The Fourth Amendment safeguards the rights of the people to be free from unreasonable searches and seizures. U.S. Const. amend. IV. To challenge a search as violative of the Fourth

Amendment, a defendant must have a reasonable expectation of privacy in what has been searched. *Cohen*, 38 F.4th at 1368. Individuals generally have a reasonable expectation of privacy in items such as bags and personal luggage. *See United States v. Barber*, 777 F.3d 1303, 1305 (11th Cir. 2015); *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001).

A search conducted without a warrant is usually presumptively unreasonable. *United States v. Yarbrough*, 961 F.3d 1157, 1163 (11th Cir. 2020). However, police are permitted to search for weapons or evidence incident to the lawful arrest of a suspect. *United States v. Bennett*, 555 F.3d 962, 965-66 (11th Cir. 2009). We have upheld searches incident to arrest of a container belonging to an arrested suspect in a variety of factual contexts. *See United States v. Rosenthal*, 793 F.2d 1214, 1232 (11th Cir. 1986) (search of handbag), *modified*, 801 F.2d 378 (11th Cir. 1986); *United States v. Richardson*, 764 F.3d 1514, 1527 (11th Cir. 1985) (search of wallet); *United States v. Sonntag*, 684 F.2d 781, 786 (11th Cir. 1982) (search of wallet); *United States v. Roper*, 681 F.2d 1354, 1357 (11th Cir. 1982) (search of metal brief case and zippered shoulder bag), *overruled on other grounds by United States v. Watkins*, 10 F.4th 1179 (11th Cir. 2021) (*en banc*). The fact that a suspect has been handcuffed does not prevent the police from conducting a valid search incident to arrest of items within the suspect's close proximity. *Roper*, 681 F.2d at 1357. Even after police have gained control over an item belonging to a suspect, officers may search that item incident to an arrest. *Richardson*, 764 F.2d at 1527.

While a Fourth Amendment violation can trigger the exclusionary rule, which requires a court to suppress evidence, there are several exceptions to the exclusionary rule. *United States v. Watkins*, 13 F.4th 1202, 1210 (11th Cir. 2021). One exception to the exclusionary rule is the doctrine of inevitable discovery, which allows for admission of evidence that would have been discovered even absent the conduct that gave rise to the claimed Fourth Amendment violation. *Id.* For evidence to qualify for admission under the inevitable discovery rule, the government must show by a preponderance of the evidence that the evidence in question would have been discovered by lawful means that would have occurred by virtue of ordinary evidence or leads the police already possessed. *Id.* at 1211. If the contents of an arrested suspect's bag would have been discovered through an inventory search as part of standardized police procedure, the inevitable discovery exception is applicable. *United States v. Rhind*, 289 F.3d 690, 694 (11th Cir. 2002).

## III.

The record here demonstrates that the district court did not err in denying Cobb's motion. A magistrate judge found that Cobb was standing near Officer Lanier, in close proximity to the backpack, at the time of the search. The district court adopted the magistrate judge's report, and correctly concluded that the search was thus a valid search incident to arrest. Further, Officer Thomas's testimony at the suppression hearing established that the contents of the backpack would have been inevitably discovered as part of a routine inventory search by the Auburn Police Department.

23-11876                  Opinion of the Court                        5

Because the district court did not err in denying Cobb's motion to suppress, we need not decide whether any purported error was harmless as the government contends.  Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Cobb's motion to suppress and thus his conviction.

**AFFIRMED.**